1  BILAL A. ESSAYLI
First Assistant United States Attorney
2  IAN V. YANNIELLO (Cal. Bar No. 265481)
Chief, National Security Division
3  AMANDA B. ELBOGEN (Cal. Bar No. 332505)
Assistant United States Attorney
4  National Security Division
DANIEL H. WEINER (Cal. Bar No. 329025)
5  Assistant United States Attorney
Transnational Organized Crime Section
6       1500 United States Courthouse
        312 North Spring Street
7       Los Angeles, California 90012
        Telephone:  (213) 894-3667/5748/0813
8       Facsimile:  (213) 894-0141
        E-mail:     ian.yanniello@usdoj.gov
9                   amanda.elbogen@usdoj.gov
                    daniel.weiner@usdoj.gov
10

11 Attorneys for Plaintiff
UNITED STATES OF AMERICA
12

13                  UNITED STATES DISTRICT COURT

14             FOR THE CENTRAL DISTRICT OF CALIFORNIA

15 UNITED STATES OF AMERICA,          No. CR 25-1022-MWF – 1-4

16          Plaintiff,                PROTECTIVE ORDER REGARDING
                                      DISCOVERY CONTAINING PERSONAL
17          v.                        IDENTIFYING INFORMATION, PRIVACY
                                      ACT INFORMATION, AND CONFIDENTIAL
18 AUDREY ILLEENE CARROLL,            INFORMANT INFORMATION
     aka "Asiginaak,"
19   aka "Black Moon,"
ZACHARY AARON PAGE,
20   aka "AK,"
     aka "Ash Kerrigan,"
21   aka "Cthulu's Daughter,"
DANTE JAMES ANTHONY-GAFFIELD,
22   aka "Nomad,"
TINA LAI,
23   aka "Kickwhere,"

24          Defendants.

25

26      The Court has read and considered the government's *Ex Parte*

27 Application for Entry of Protective Order (the "Application")

28 regarding discovery containing personal identifying information,

1   Privacy Act information, and Confidential Informant information,

2   filed January 20, 2026, and Defendant Zachary Page's Partial

3   Opposition to the Government's Application (the "Opposition"), filed

4   January 21, 2026. (Docket Nos. 59, 60). The Opposition is OVERRULED.

5   For good cause shown, the Application is GRANTED, and the Court

6   hereby FINDS AND ORDERS as follows:

7        1.   The government's discovery in this case relates to

8   defendants AUDREY ILLEENE CARROLL's, ZACHARY AARON PAGE's, DANTE

9   JAMES ANTHONY-GAFFIELD's, and TINA LAI's alleged crimes, that is,

10  Providing and Attempting to Provide Material Support to Terrorists,

11  in violation of 18 U.S.C. § 2339A, and Possession of Unregistered

12  Firearms, in violation of 26 U.S.C. § 5861(d), as to all defendants;

13  and Conspiracy to Use Weapon of Mass Destruction, in violation of 18

14  U.S.C. § 2332a, as to defendants CARROLL and PAGE.

15       2.   A protective order for the discovery is necessary so that

16  the government can produce to the defense materials regarding

17  confidential informants and/or cooperating witnesses who

18  participated in the government's investigation and/or who may

19  testify at trial.  Because these materials could be used to identify

20  the confidential informants and/or cooperating witnesses, the Court

21  finds that the unauthorized dissemination or distribution of the

22  materials may compromise the ability of such persons to participate

23  effectively in future investigations in an undercover capacity

24  and/or may expose him/her and/or his/her family to potential safety

25  risks.

26       3.   A protective order for the discovery is also necessary so

27  that the government can produce to the defense materials containing

28  third parties' personal identifying information ("PII").  The Court

1    finds that disclosure of this information without limitation risks

2    the privacy and security of the information's legitimate owners.

3    Because the government has an ongoing obligation to protect third

4    parties' PII, the government cannot produce to defendants an

5    unredacted set of discovery containing this information without this

6    Court entering the Protective Order.

7        4.    An order is also necessary because the government intends

8    to produce to the defense materials that may contain information

9    within the scope of the Privacy Act, 5 U.S.C. § 552a ("Privacy Act

10   Information").   The Court finds that, to the extent that these

11   materials contain Privacy Act information, disclosure is authorized

12   pursuant to 5 U.S.C. § 552a(b)(11).

13       5.    The purpose of this Protective Order is therefore to

14   (a) allow the government to comply with its discovery obligations

15   while protecting this sensitive information from unauthorized

16   dissemination, and (b) provide the defense with sufficient

17   information to adequately represent defendant.

18       6.    Accordingly, the discovery that the government will

19   provide to defense counsel in the above-captioned case will be

20   subject to this Protective Order, as follows:

21           a.    As used herein, "PII Materials" includes any

22   information that can be used to identify a person, including a name,

23   address, date of birth, Social Security number, driver's license

24   number, telephone number, account number, email address, or personal

25   identification number.

26           b.    As used herein, "CI Materials" includes any

27   information relating to a confidential informant's and/or

28   cooperating witness's prior history of cooperation with law

1    enforcement, prior criminal history, statements, or any other

2    information that could be used to identify a confidential informant

3    or cooperating witness, such as a name, recording, image, address,

4    date of birth, or unique personal identification number, such as a

5    Social Security number, driver's license number, account number, or

6    telephone number.

7            c.    "Confidential Information" refers to any document or

8    information containing: PII or CI Materials that the government

9    produces to the defense pursuant to this Protective Order and any

10   copies thereof.

11           d.    "Defense Team" includes (1) defendants' counsel of

12   record ("defense counsel"); (2) other attorneys at defense counsels'

13   law firm who may be consulted regarding case strategy in this case;

14   (3) defense investigators who are assisting defense counsel with

15   this case; (4) retained experts or potential experts; and

16   (5) paralegals, legal assistants, and other support staff to defense

17   counsel who are providing assistance on this case.  The Defense Team

18   does not include defendants, defendants' family members, or any

19   other associates of defendants.

20           e.    The government is authorized to provide defense

21   counsel with Confidential Information marked with the following

22   legend: "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE

23   ORDER."  The government may put that legend on the digital medium

24   (such as DVD or hard drive) or simply label a digital folder on the

25   digital medium to cover the content of that digital folder.  The

26   government may also redact any PII contained in the production of

27   Confidential Information.

28

1          f.    If any defendant objects to a designation that

2    material contains Confidential Information, the parties shall meet

3    and confer.   If the parties cannot reach an agreement regarding

4    defendant's objection, defendant may apply to this Court to have the

5    designation removed.

6          g.    Defendants and the Defense Team shall use the

7    Confidential Information solely to prepare for any pretrial motions,

8    plea negotiations, trial, and sentencing hearing in this case, as

9    well as any appellate and post-conviction proceedings.

10          h.    The Defense Team shall not permit anyone other than

11    the Defense Team to have possession of Confidential Information,

12    including defendants, while outside the presence of the Defense

13    Team.

14          i.    Notwithstanding the above, defendants may see and

15    review CI Materials only in the presence of defense counsel, and

16    defense counsel shall ensure that defendants are never left alone

17    with any CI Materials.   At the conclusion of any meeting with

18    defendants at which defendants are permitted to view CI Materials,

19    defendants must return any CI Materials to defense counsel, who

20    shall take all such materials with counsel.   Defendants may not take

21    any CI Materials out of the room in which defendants are meeting

22    with defense counsel.   If defense counsel wishes to enable

23    defendants to review CI Materials in the presence of any person on

24    the Defense Team other than defense counsel, defense counsel shall

25    submit a letter to government counsel of record identifying that

26    person (the "designated person").   Alternatively, defense counsel

27    may maintain a list of Defense Team members with the USAO and will

28    be notified if such individuals are preapproved to serve as

1   designated persons.  No CI Materials may be shown to defendants by a

2   designated person until that person is approved by the government.

3   At no time, under no circumstance, will any Confidential Information

4   be left in the possession, custody, or control of defendants,

5   regardless of defendants' custody status.

6           j.    Defendants may review PII Materials only in the

7   presence of a member of the Defense Team, who shall ensure that

8   defendants are never left alone with any PII Materials.  At the

9   conclusion of any meeting with defendants at which defendants are

10  permitted to view PII Materials, defendants must return any PII

11  Materials to the Defense Team, and the member of the Defense Team

12  present shall take all such materials with him or her.  Defendants

13  may not take any PII Materials out of the room in which defendants

14  are meeting with the Defense Team.

15          k.    Defendants may see and review Confidential

16  Information as permitted by this Protective Order, but defendants

17  may not copy, keep, maintain, or otherwise possess any Confidential

18  Information in this case at any time.  Defendants also may not write

19  down or record any data or information contained in the Confidential

20  Information.

21          l.    The Defense Team may review Confidential Information

22  with a witness or potential witness in this case, including

23  defendants.  Defense counsel or a designated person, as defined

24  above, must be present whenever any CI Materials are being shown to

25  a witness or potential witness.  A member of the Defense Team must

26  be present if PII Materials are being shown to a witness or

27  potential witness.  Before being shown any portion of Confidential

28  Information, however, any witness or potential witness must be

6

1 | informed of, and agree in writing to be bound by, the requirements

2 | of the Protective Order.  No member of the Defense Team shall permit

3 | a witness or potential witness to retain Confidential Information or

4 | any notes generated from Confidential Information.

5 |       m.    The Defense Team shall maintain Confidential

6 | Information safely and securely, and shall exercise reasonable care

7 | in ensuring the confidentiality of those materials by (1) not

8 | permitting anyone other than members of the Defense Team,

9 | defendants, witnesses, and potential witnesses, as restricted above,

10 | to see Confidential Information; (2) not divulging to anyone other

11 | than members of the Defense Team, defendants, witnesses, and

12 | potential witnesses, the contents of Confidential Information; and

13 | (3) not permitting Confidential Information to be outside the

14 | Defense Team's offices, homes, vehicles, or personal presence.

15 | Non-password-protected or paper copies of CI Materials shall not be

16 | left unattended in any vehicle.

17 |       n.    To the extent that defendants, the Defense Team,

18 | witnesses, or potential witnesses create notes that contain, in

19 | whole or in part, Confidential Information, or to the extent that

20 | copies are made for authorized use by members of the Defense Team,

21 | such notes, copies, or reproductions become Confidential Information

22 | subject to the Protective Order and must be handled in accordance

23 | with the terms of the Protective Order.

24 |       o.    The Defense Team shall use Confidential Information

25 | only for the litigation of this matter and for no other purpose.

26 | Litigation of this matter includes any appeal filed by defendants

27 | and any motion filed by defendants pursuant to 28 U.S.C. § 2255.  In

28 | the event that a party needs to file Confidential Information with

1   the Court or divulge the contents of Confidential Information in

2   court filings, the filing should be made under seal.  If the Court

3   rejects the request to file such information under seal, the party

4   seeking to file such information publicly shall provide advance

5   written notice to the other party to afford such party an

6   opportunity to object or otherwise respond to such intention.  If

7   the other party does not object to the proposed filing, the party

8   seeking to file such information shall redact any PII and/or CI

9   Materials and make all reasonable attempts to limit the divulging of

10  PII and/or CI Materials.

11          p.   Any Confidential Information inadvertently produced

12  in the course of discovery prior to entry of the Protective Order

13  shall be subject to the terms of this Protective Order.  If

14  Confidential Information was inadvertently produced prior to entry

15  of the Protective Order without being marked "CONFIDENTIAL

16  INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER," the government

17  shall reproduce the material with the correct designation and notify

18  defense counsel of the error.  The Defense Team shall take immediate

19  steps to destroy the unmarked material, including any copies.

20          q.   If any Confidential Information contains both CI

21  Materials and another category of Confidential Information, the

22  information shall be handled in accordance with the CI Materials

23  provisions of this Protective Order.

24          r.   Confidential Information shall not be used by any

25  member of the defense team, in any way, in any other matter, absent

26  an order by this Court.  All materials designated subject to the

27  Protective Order maintained in the Defense Team's files shall remain

28

1  subject to the Protective Order unless and until such order is

2  modified by this Court.

3          s.    In the event that there is a substitution of counsel

4  prior to when such documents must be returned, new defense counsel

5  must be informed of, and agree in writing to be bound by, the

6  requirements of the Protective Order before defense counsel

7  transfers any Confidential Information to the new defense counsel.

8  New defense counsel's written agreement to be bound by the terms of

9  the Protective Order must be returned to the Assistant U.S. Attorney

10 assigned to the case.  New defense counsel then will become the

11 Defense Team's custodian of materials designated subject to the

12 Protective Order.

13         t.    Defense counsel shall advise defendants and all

14 members of the Defense Team of their obligations under the

15 Protective Order and ensure their agreement to follow the Protective

16 Order, prior to providing defendants and members of the Defense Team

17 with access to any materials subject to the Protective Order.

18     IT IS SO ORDERED.

19

20  February 6, 2026
     DATE                              MICHAEL W. FITZGERALD
21                                     United States District Judge

22

    Presented by:
23

24    /s/
     IAN V. YANNIELLO
25   AMANDA B. ELBOGEN
     DANIEL H. WEINER
26   Assistant United States Attorney

27

28

                                    9